UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS<br>1201 15th Street, N.W.<br>Washington, D.C. 20005<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS<br>441 G Street, N.W.<br>Washington, D.C. 20314<br><br>AND<br><br>PRESTON M. GEREN, III,<br>In his Official Capacity as the Acting Secretary of<br>The United States Department Of The Army<br>101 Army Pentagon, Room 3E560<br>Washington, D.C. 20310-0101<br><br>AND<br><br>LT. GEN. ROBERT L. VAN ANTWERP,<br>In his Official Capacity as the Chief of Engineers<br>For the United States Army Corps of Engineers<br>441 G Street, N.W., Room 3K05<br>Washington, D.C. 20314<br><br>   Defendants. | CIVIL ACTION NO. _____<br><br>COMPLAINT |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff states and alleges as follows:

### I. NATURE OF THE ACTION

1. This action, brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, et seq., and the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, seeks review of final action taken by Defendant, the United States Army Corps of Engineers, et al. (the

"Corps") that promulgates the Nationwide Permit ("NWP") Rule administered by the Corps pursuant to Section 404(e) of the CWA. See "Reissuance of Nationwide Permits; Notice," 72 Fed. Reg. 11,092 (Mar. 12, 2007) (the "2007 NWP Rule"). This action reissues all existing NWPs, general conditions, and definitions with some modifications, and issues six new NWPs, two new general conditions, and 13 new definitions. One of the new permits is NWP 46, which purports to authorize the discharge of dredged or fill material into upland ditches.

2. Plaintiff National Association of Home Builders ("NAHB") challenges NWP 46 because it purports to exercise jurisdiction over upland ditches—features that are not "navigable waters" under 33 U.S.C. § 1362(7) and which are thus outside of the Corps's regulatory and permitting authority. NWP 46 violates APA Section 706 because its issuance is arbitrary, capricious, and an abuse of the Corps's discretion; it exceeds the Corps's statutory authority and is otherwise not in accordance with law.

3. As a remedy for the Corps's violations of law, Plaintiff seeks an order declaring that the Corps has no authority under the CWA to require Section 404 permits for discharges into upland ditches; declaring that NWP 46 is invalid; and enjoining the Corps from applying or enforcing NWP 46.

## II.   PARTIES

4. Plaintiff NAHB is a national trade association incorporated in the State of Nevada. NAHB consists of more than 235,000 builder and associate members organized into approximately 850 affiliated state and local associations in all 50 states, the District of Columbia, and Puerto Rico. Its members include individuals and firms that construct single-family homes, apartments, condominiums, and commercial and industrial projects, as well as land developers and remodelers, and employ over 8,000,000 people. NAHB builder members will construct about 80 percent of the more than 1.56 million new housing units projected for 2007.

(a) Through its advocacy function on behalf of the Nation's home builders, NAHB represents its members in legal, regulatory, and legislative matters affecting the use and development of their land. It is germane to NAHB's organizational purpose to ensure that its members can use their property to the fullest extent allowed by law so they may build and supply housing for all people throughout the United States, regardless of income level, race, or nationality.

(b) As a matter of organizational policy, NAHB's members have directed the association's staff to advocate that Federal regulation under Section 404 should be limited to the geographic scope Congress intended to reach when it enacted the Clean Water Act. Further, the members have identified upland ditches in particular as a source of controversy and directed NAHB staff to advocate for CWA policy that recognizes that Congress did not intend to treat upland ditches as "navigable waters" or "waters of the United States." This suit is intended to implement NAHB's policies.

(c) Independent of this litigation, NAHB has expended significant resources to ensure that its members, and the government agencies that regulate their residential construction activities, understand and faithfully implement the goals and requirements of the CWA. In this regard, NAHB has devoted staff and monetary resources to conduct research under the CWA, including research that specifically addresses the proper regulatory jurisdiction of the Corps; sponsor and deliver educational programs to assist members with CWA compliance; draft regulatory comments to ensure that EPA and Corps jurisdiction is consistent with what Congress intended in enacting the CWA; prepare legislative language and supporting documents for discussion on Capitol Hill to clarify the extent of CWA "navigable waters" jurisdiction; and prepare and distribute publications, for the media and

public at large, regarding the jurisdictional reach of the CWA.

    (d)  NAHB's advocacy function regarding the implementation of the CWA has targeted the question of whether ditches can be considered "navigable waters." In this regard, NAHB has spent staff time and monetary resources writing articles and giving educational presentations to its members, government officials, and other groups and associations regarding whether ditches are "navigable waters" under the CWA. Furthermore, independent of this suit, NAHB has been involved in litigation challenging previous attempts by the Corps to deem upland ditches "waters of the United States." The Corps responded to the earlier litigation by withdrawing the challenged directive.

  5. The activities of NAHB's members are subject to regulation under the actions challenged in this Complaint. Members of NAHB have in the past and will in the future rely on the NWP Rule, specifically NWP 46. Ditches are common features in the American landscape, and NAHB's members must often dig, construct, and alter upland ditches as necessary and appurtenant to residential construction projects.

  6. The injuries to NAHB and its members can be redressed by this Court's order declaring that the Corps has no authority to regulate or require permits for discharges of dredged or fill material into upland ditches because upland ditches are not "waters of the United States" within the meaning of the CWA.

  7. Defendant United States Army Corps of Engineers is a branch of the Department of the Army. The Corps is authorized to issue permits for the discharge of dredged or fill material into navigable waters pursuant to Section 404 of the CWA, 33 U.S.C. § 1344.

8.Defendant Preston M. Geren, III, is sued in his official capacity as Acting Secretary of the Army. In that capacity, Secretary Geren is responsible for the supervision of the entire United States Army, including the Corps.

9.Defendant Lt. Gen. Robert L. Van Antwerp is sued in his official capacity as the Chief of Engineers of the United States Army Corps of Engineers. In that capacity, Lt. Gen. Van Antwerp is responsible on a daily basis for the Corps's implementation and administration of the Section 404 program, including the NWP Rule.

### III.JURISDICTION AND VENUE

10.This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57 authorize the declaratory relief requested. Injunctive relief is authorized by 28 U.S.C. § 2202. Judicial review of this final agency action is authorized by §§ 10(a), 10(c), and 10(e) of the APA, 5 U.S.C. §§ 702, 704, and 706.

11.Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(e) and 5 U.S.C. § 703.

### IV.FACTUAL ALLEGATIONS

**A.Statutory Background**

12.Congress enacted the CWA in 1972 to regulate the discharge of pollutants, including dredged and fill material, into the Nation's navigable waters. The CWA prohibits the discharge of any pollutant into "navigable waters" except in compliance with the Act's provisions. CWA § 301, 33 U.S.C. § 1311. A permit under Section 404 is the means through which the Corps may authorize a discharge of dredged or fill material into navigable waters. 33 U.S.C. § 1344(a).

13. CWA Section 502 defines "navigable waters" to mean "the waters of the United States, including the territorial seas." *Id.* § 1362(7).

14. By its terms, the CWA does not define "the waters of the United States" to include upland ditches. Rather, Congress specifically included "ditch[es]" in the definition of "point source." CWA Section 502(14) provides: "The term 'point source' means any discernible, confined and discrete conveyance, ***including but not limited to any*** pipe, ***ditch***, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged. This term does not include agricultural stormwater discharges and return flows from irrigated agriculture." 33 U.S.C. § 1362(14) (emphasis supplied). And, the statutory term "'discharge of a pollutant' … means … any addition of any pollutant *to* navigable waters *from* any point source …." 33 U.S.C. § 1362(12) (emphasis supplied). Under a plain reading of the statute, "point source" includes "any … ditch," and features that are point sources are not themselves statutory "navigable waters," but rather are features that convey pollutants and add them "to" navigable waters.

**B.   Regulatory Background**

15. The Corps's regulations have consistently disclaimed jurisdiction over upland ditches.

16. The 1975 regulations asserted jurisdiction over navigable waters and their non-navigable tributaries up to their headwaters—a cutoff point that *excluded* the upper reaches of waterways and other waters "hydrologically connected" to them. *See* 40 Fed. Reg. 31,320, 31,324-25 (July 25, 1975). In 1977, the Corps adopted final regulations asserting jurisdiction

6

over navigable waters, nonnavigable tributaries, and certain waters beyond the tributary system if their degradation could affect interstate commerce. 42 Fed. Reg. 37,122, 37,144 (July 19, 1977).

17.     The Corps's 1975 regulations specifically excluded "[d]rainage and irrigation ditches" from the definition of jurisdictional waters. 40 Fed. Reg. at 31,321. The Corps's 1977 regulations similarly disavowed jurisdiction over ditches, stating that

> nontidal drainage and irrigation ditches that feed into navigable waters will not be considered "waters of the United States" under this definition. To the extent that these activities cause water quality problems, they will be handled under other programs of the [CWA] including Section 208 and 402.

42 Fed. Reg. at 37,127.

18.     The Corps's current regulatory definition of "the waters of the United States," adopted in 1986, similarly excludes ditches. 33 C.F.R. 328.3(a)(5). In adopting this definition, the Corps noted that "we generally do not consider [drainage and irrigation ditches] to be 'Waters of the United States.'" 51 Fed. Reg. 41,206, 41,217 (Nov. 13, 1986).

**C.      Nationwide Permits**

19.     Section 404 of the CWA, 33 U.S.C. § 1344, authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites. An individual, business, or public agency that seeks to conduct an activity that will discharge dredged or fill material into regulated waters must obtain an individual permit pursuant to Corps regulations, unless the activity falls within Section 404's specific exemptions or qualifies for a general permit established under CWA Section 404(e), 33 U.S.C. § 1344(e).

20.     The CWA's 1977 amendments authorized the Corps to "issue general permits on a State, regional, or nationwide basis for any category of activities involving discharges of dredged or fill material if the Secretary determines that the activities in such category are similar

7

in nature, will cause only minimal adverse environmental effects when performed separately, and will have only minimal cumulative adverse effect on the environment." 33 U.S.C. § 1344(e)(1). General permits that apply nationwide are called "nationwide permits." Each NWP authorizes a certain category of activities (for example, NWP 21 authorizes certain mining activities, NWP 3 authorizes certain maintenance activities) and contains restrictions on its use intended to ensure that the adverse environmental effects of the permit are minimal.

**D.     Nationwide Permit 46**

21.     The terms of NWP 46 authorize discharges of dredged or fill material into non-tidal ditches that are: "(1) *Constructed in uplands*, (2) receive water from an area determined to be a water of the United States prior to the construction of the ditch, (3) divert water to an area determined to be a water of the United States prior to the construction of the ditch, and (4) are determined to be waters of the United States." 72 Fed. Reg. at 11,190 (emphasis supplied).

22.     Under NWP 46, the discharge must not cause the loss of greater than one acre of the waters of the United States. *Id.* Because NWP 46 purports to authorize discharges of dredged or fill material *into* upland ditches, under NWP 46 the Corps would allow a maximum of one acre of impacts to upland ditches. For discharges that cause the loss of upland ditches exceeding one acre, NWP 46 is not available, and the Corps would require authorization under an individual permit.

23.     As conceived by NWP 46, "upland" ditches are non-tidal. 72 Fed. Reg. at 11,142 ("we have limited this NWP to discharges of dredged or fill material into non-tidal ditches"). Also, for purposes of NWP 46 coverage, "upland" ditches are *not* ditches dug in jurisdictional wetlands, creeks, or streams. As the 2007 NWP Rule states, NWP 46 "does not authorize discharges of dredged or fill material into ditches or canals that were constructed in waters of the United States…." *Id.* at 11,141.

8

24. Likewise, for purposes of NWP 46, "upland" ditches do *not* include ditches that serve as channels of interstate commerce (such as certain canals). Such features qualify as CWA "navigable waters" because they are navigable-in-fact. Indeed, the initial proposal for NWP 46 would have authorized discharges of dredged or fill material into "canals," but in the final 2007 NWP Rule, the Corps "removed the word 'canal' from … NWP [46], to provide further clarity since canals may be navigable waters of the United States." *Id*. at 11,142.

25. Under the terms of NWP 46, the Corps purports to have Section 404 regulatory and permitting authority over upland ditches. However, ditches constructed in uplands are outside the Corps's regulatory and permitting authority because they are not statutory "navigable waters," nor are they among "the waters of the United States." Nonetheless, NWP 46 purports to regulate, and require permits for, upland ditches. As the 2007 NWP Rule states, "the Corps reserves the right on a case-by-case basis to determine whether non-tidal ditches excavated on dry land … constitute waters of the United States." *Id*. at 11,143. *See also id.* at 11,097 (300-linear foot limit for filling and excavating stream beds does not apply to "ditches constructed in uplands that are determined to be waters of the United States"); *id.* at 11,098 ("Ditches may also be subject to jurisdiction under Section 404 of the Clean Water Act … if they meet the regulatory definitions of 'waters of the United States' ….").

26. The Corps has no CWA authority to issue permits for areas outside its jurisdictional scope. In NWP 46, the Corps purports to control activities and have the authority to issue permits for activities and areas that fall outside of its CWA statutory authority.

27. NWP 46 illegally expands the Corps's jurisdiction to reach upland ditches that it has no authority to regulate under the Clean Water Act. The Corps has failed to explain or provide a reasoned basis for its assertion of jurisdiction in NWP 46.

## V. CLAIM FOR RELIEF

**Corps Actions are Arbitrary and Capricious, Contrary to Law, or in Excess of Statutory Jurisdiction or Authority**

28. Plaintiff incorporates by reference, as if fully set forth here, each and every allegation set forth in paragraphs 1 through 30 above.

29. The Corps acted contrary to law and exceeded its statutory jurisdiction in promulgating NWP 46, among other things, by:

    (a) unlawfully asserting jurisdiction over upland ditches; and

    (b) unlawfully requiring a permit for areas over which it has no jurisdiction.

30. For these and other reasons, the Corps's actions are not in accordance with law or are in excess of the Corps's statutory jurisdiction or authority in violation of the APA § 706.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to:

(1) Declare that NWP 46 violates the APA and the CWA;

(2) Declare that the Corps has no authority to regulate or require permits for discharges of dredged or fill material into upland ditches;

(3) Enjoin the Corps from enforcing or otherwise acting pursuant to NWP 46; and

(4) Grant such other and further relief as the Court deems just and proper.

Date:  May 24, 2007                         Respectfully submitted,

*Virginia S. Albrecht*
_____
HUNTON & WILLIAMS LLP
Virginia S. Albrecht, D.C. Bar No. 357940
Karma B. Brown, D.C. Bar No. 479774
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500

Counsel for Plaintiff
National Association of Home Builders

Of Counsel:

Duane J. Desiderio, Esq., D.C. Bar No. 430211
Thomas J. Ward, Esq., D.C. Bar No. 453907
Amy C. Chai, Esq., NY Bar No. 4029088
National Association of Home Builders
1201 15th Street, N.W.
Washington, D.C. 20005
(202) 266-8200

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
|  |  |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1  U.S. Government Plaintiff
- 2  U.S. Government Defendant
- 3  Federal Question (U.S. Government Not a Party)
- 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

**Other Statutes**
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*  OR  F. *Pro Se General Civil*

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**Property Rights**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**Other Statutes**
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Action pursuant to 5 U.S.C. 551, et seq., 33 U.S.C. 1251-1387 seeking review of 72 Fed. Reg. 11,092 (Mar. 12, 2007)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5/24/2007   SIGNATURE OF ATTORNEY OF RECORD  *Virginia S Albrecht*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.