UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 1:07-cv-00972 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants United States Army Corps of Engineers, Preston M. Geren, III, Secretary of the Army, and Lt. Gen. Robert Van Antwerp, Chief of Engineers, United States Army Corps of Engineers (collectively, "the Corps"), answer the allegations in the corrected complaint filed on July 16, 2007, as follows:

1.  In response to the allegations of paragraph 1, the Corps admits that it reissued all existing Nationwide Permits ("NWPs"), general conditions, and definitions with some modifications, and issued six new NWPs, two new general conditions, and 13 new definitions, that one of the new permits is NWP 46, and that final notice thereof was published at 72 Fed. Reg. 11,092 (Mar. 12, 2007) ("Reissuance of Nationwide Permits; Notice"). The Corps further admits that NWP 46 authorizes discharges of dredged or fill material into certain types of ditches. The remaining allegations of Paragraph 1 characterize Plaintiff's claims and therefore require no response.

2.	Paragraph 2 characterizes plaintiff's claims, and therefore requires no response. To the extent a response is required, the Corps denies the allegations of this paragraph.

3.	Paragraph 3 characterizes plaintiff's claims, and therefore requires no response. To the extent a response is required, the Corps denies the allegations of this paragraph.

4.	The Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5.	The Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4(a), and therefore denies them.

6.	The Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4(b), and therefore denies them.

7.	The Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4(c), and therefore denies them.

8.	The Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 4(d), and therefore denies them. Regarding the third sentence of paragraph 4(d), the Corps admits only that NAHB has been involved in litigation with the Corps related to the jurisdictional status of upland ditches. The Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 4(d).

9.	The Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

10.	Paragraph 6 characterizes plaintiff's claims and consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

11. The Corps admits the allegations in paragraph 7.

12. The first sentence of paragraph 8 characterizes plaintiff's claims, and therefore requires no response. The Corps admits the allegations in the second sentence of paragraph 8, except that as of July 13, 2007, Preston M. Geren, III is the Secretary of the Army.

13. The first sentence of paragraph 9 characterizes plaintiff's claims, and therefore requires no response. The Corps admits the allegations in the second sentence of paragraph 9.

14. Paragraph 10 consists of conclusions of law, to which no response is required.

15. Paragraph 11 consists of conclusions of law, to which no response is required.

16. Paragraph 12 characterizes the Clean Water Act (CWA), which document is the best evidence of its contents, and no further response is required. To the extent that the allegations are inconsistent with the CWA, the allegations are denied.

17. Paragraph 13 characterizes section 502 of the Clean Water Act, which document is the best evidence of its contents, and no further response is required. To the extent that the allegations are inconsistent with the CWA, the allegations are denied.

18. The first two sentences of paragraph 14 consist of conclusions of law, to which no response is required. The third, fourth, and fifth sentences of paragraph 14 characterize CWA section 502(14), which document is the best evidence of its contents, and no further response is required. To the extent that the allegations are inconsistent with the CWA, the allegations are denied. The final sentence of paragraph 14 consists of conclusions of law, to which no response is required.

19. The Corps denies the allegations in paragraph 15.

20. The Corps admits only that it published an interim final rule in 1975, 40 Fed. Reg. 31,320 (July 25, 1975), and that it published a final rule in 1977, 42 Fed. Reg. 37,122 (July 19, 1977). The remainder of paragraph 16 characterizes those documents, which are the best evidence of their contents, and no further response is required. To the extent that the allegations are inconsistent with the published Federal Register notices, the allegations are denied.

21. The Corps admits only that it published an interim final rule in 1975, 40 Fed. Reg. 31,320 (July 25, 1975), and that it published a final rule in 1977, 42 Fed. Reg. 37,122 (July 19, 1977). The remainder of paragraph 17 characterizes those documents, which are the best evidence of their contents, and no further response is required. To the extent that the allegations are inconsistent with the published Federal Register notices, the allegations are denied.

22. The first sentence of paragraph 18 consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. The second sentence of paragraph 18 characterizes a Federal Register notice, which document is the best evidence of its contents, and no further response is required. To the extent that the allegations are inconsistent with the published Federal Register notice, the allegations are denied.

23. Paragraph 19 characterizes CWA section 404, 33 U.S.C. § 1344, which document is the best evidence of its contents, and no further response is required. To the extent that the allegations are inconsistent with the CWA, the allegations are denied.

24. Paragraph 20 characterizes 33 U.S.C. § 1344(e)(1), which document is the best evidence of its contents, and no further response is required. To the extent that the allegations are inconsistent with the CWA, the allegations are denied. The Corps admits the allegation in the second sentence of paragraph 20.

25. Paragraph 21 characterizes NWP 46, which document is the best evidence of its contents, and no further response is required.

26. The first sentence of paragraph 22 characterizes NWP 46, which document is the best evidence of its contents, and no further response is required. In response to the second sentence of paragraph 22, the Corps admits that under NWP, a maximum of one acre of impacts to upland ditches is allowed; the remainder of the second sentence of paragraph 22 is denied. The Corps lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence of paragraph 22.

27. Paragraph 23 characterizes NWP 46 and the Federal Register notice announcing the NWPs, which documents are the best evidence of their contents, and no further response is required.

28. Paragraph 24 characterizes NWP 46 and the Federal Register notice announcing the NWPs, which documents are the best evidence of their contents, and no further response is required.

29. The Corps denies the allegations in the first sentence of paragraph 25. The second sentence of paragraph 25 consists of conclusions of law, to which no response is required. To the extent the allegations in the second sentence require a response, the allegations are denied. The Corps denies allegations in the third sentence of paragraph 25. The remainder of paragraph 25 characterizes NWP 46 and the Federal Register notice announcing the NWPs, which documents are the best evidence of their contents, and no further response is required.

30. The first sentence of paragraph 26 consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. The Corps

denies the allegations in the second sentence of paragraph 26.

31. Paragraph 27 consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

32. The Corps incorporates by reference its responses to paragraphs 1-27.

33. Paragraph 29 consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

34. Paragraph 30 consists of conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## GENERAL DENIAL

All allegations not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

The Corps pleads the following affirmative defenses to the claims made in the Complaint:

A. Plaintiff lacks standing and therefore the complaint should be dismissed.

WHEREFORE, the Corps requests that this action be dismissed with prejudice, that judgment be entered in its favor and against the Plaintiffs, and that the Court grant such other and further relief as is appropriate.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

_s/ Jessica O'Donnell_

OF COUNSEL:            JESSICA O'DONNELL  (D.C. Bar #473166)
Daniel Inkelas         Environmental Defense Section

| | |
|---|---|
| Assistant Counsel for Litigation<br>Office of the Chief Counsel<br>U.S. Army Corps of Engineers<br>441 G Street NW<br>Washington, DC 20314 | U.S. Department of Justice<br>P.O. Box 23986<br>Washington, D.C. 20026-3986<br>Telephone: (202) 305-0851<br>E-mail: jessica.odonnell@usdoj.gov<br><br>Street address:<br>601 D Street, NW, Suite 8000<br>Washington, D.C. 20004<br><br>*Attorneys for Defendant* |

Dated: August 9, 2007