IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants, <br><br> NATURAL RESOURCES DEFENSE COUNCIL, <br> 1200 New York Ave, NW, Suite 400 <br> Washington, DC 20005 <br><br> Proposed Intervenor-Defendant. | Civil Action No. 1:07-cv-00972 RMU |

**MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Natural Resources Defense Council ("NRDC") hereby moves to intervene in the above-captioned case. Counsel for the Defendants has indicated that Defendants take no position on this motion. Counsel for Plaintiff has indicated that Plaintiff intends to oppose this motion.

**I.   INTRODUCTION**

Section 404 of the Clean Water Act (CWA) authorizes the Secretary of the Army (acting through the Corps of Engineers) to issue permits for the discharge of dredged or fill material into waters of the United States. 33 U.S.C. § 1344. The Corps may issue a general permit on a regional, statewide, or national basis for categories of discharges that are similar in nature and have minimal adverse environmental effects. *Id*. § 1344(e). The Nationwide Permit (NWP)

Program is a type of general permit administered according to 33 C.F.R. Part 330.  The goal of the NWP program is to regulate certain activities considered to have minimal impact with "little, if any, delay or paperwork."  33 C.F.R. 330.1(b).

The Army Corps of Engineers issued Nationwide Permit 46 (NWP 46) in March 2007. 72 Fed. Reg. 11092 (March 12, 2007); 72 Fed. Reg. 26082 (May 8, 2007) (correction notice). NWP 46 permits discharges of dredged or fill material in certain ditches, with a one-acre limit. NWP only applies to those ditches that are "(1) . . . constructed in uplands, (2) receive water from another water of the United States, (3) divert water to another water of the United States, and (4) [are] determined to be a water of the United States."  *Id*. at 11141.

The ditches and canals at issue connect other upstream and downstream waters of the United States, and discharges that either sever or expand that connection can significantly harm both upstream and downstream waters.  Unregulated filling of such "upland ditches" could cause significant ecological harm, adverse to NRDC's interests and the interests of its members.

In this case, the National Association of Home Builders (NAHB) brings a facial challenge to NWP 46.  NAHB seeks a declaration that NWP 46 violates the Administrative Procedure Act and Clean Water Act, an injunction barring the Army Corps of Engineers from enforcing NWP 46, and a declaration that under the Clean Water Act the Army Corps of Engineers "has no authority to regulate or require permits for discharges of dredged or fill material into upland ditches."  Corrected Complaint at 10 (prayer for relief).  The NAHB filed its complaint in this Court on May 24, 2007.  The NAHB filed a corrected complaint on July 16, 2007.

NRDC moves to intervene pursuant to Fed. R. Civ. P. 24.  NRDC and its members have a significant and protected interest in the proper regulation of discharges into those waters of the

2

United States referred to as upland ditches pursuant to the challenged permit, which will be impaired by a ruling granting the relief that NAHB seeks. NRDC is not adequately represented by the existing parties and therefore seeks to intervene to protect its interests. NRDC's intervention is timely and will not broaden the scope of this litigation beyond the matters raised in Plaintiff's complaint. NRDC is simultaneously lodging its proposed answer in intervention, pursuant to Fed. R. Civ. P. 24(c).

## II.   ARGUMENT

### A.   NRDC Is Entitled To Intervene As Of Right.

The D.C. Circuit weighs the following four factors to determine whether intervention as of right is appropriate under Fed. R. Civ. P. 24(a): "(1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action'; (3) whether 'the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by the existing parties.'" *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998), *quoting* Fed. R. Civ. P. 24(a). As outlined below, NRDC satisfies each of the four requirements of Rule 24(a) and should be permitted to intervene as of right.

#### 1.   The Motion To Intervene Is Timely.

NRDC's motion to intervene is timely. The plaintiff in this case filed its complaint on May 24, 2007, and a corrected complaint on July 16, 2007. The defendants have not yet filed any answer or responsive pleading. No other substantive pleadings or motions have been filed in this case, no schedule has been established, no discovery has been initiated or administrative record produced, no hearings have occurred, and no decisions have been rendered by the Court

on any issue. NRDC's motion to intervene is therefore timely. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (finding motion timely where it was filed "less than two months after plaintiffs filed their complaint and before the defendant's answer was filed").

> 2. NRDC Has A Significant Protected Interest In The Regulation of Discharges Into Upland Ditches And The Proper Scope of Clean Water Act Jurisdiction, Which Will Be Impaired If NRDC Is Unable To Intervene.

NRDC satisfies the second and third requirements of Fed. R. Civ. P. 24(a) because it has a significant protected interest in the subject matter of this litigation that may be impaired by the disposition of this action.

The scope of the Clean Water Act is of long-standing interest to NRDC. NRDC was a party in one of the seminal cases concerning the scope of jurisdiction under the Clean Water Act. *NRDC v. Callaway*, 392 F.Supp. 685 (D.D.C. 1975) (vacating narrow definition of "navigable waters" adopted by the Army Corps of Engineers and directing the Corps to publish regulations "clearly recognizing the full regulatory mandate of the [Clean] Water Act"). NRDC joined briefs in both of the most recent Supreme Court cases addressing the issue, *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159 (2001) and *Rapanos v. U.S.*, 126 S.Ct. 2208 (2006) and has been actively working with the administrative agencies and Congress to assess and respond to the Court's decisions in those cases. We seek to intervene in this litigation to protect the Corps' authority to regulate discharges of fill into protected waters, including those waters labeled "ditches." NRDC and its individual members have an interest in the protection of all waterbodies, including ditches, because the nation's water resources are significantly interrelated, and ditches can provide important connections between waterbodies. NRDC and its members can be injured by the ecological damage that results from destruction or contamination of unprotected waterways.

If Plaintiff is successful in its current challenge, water bodies currently considered to be "waters of the United States" would be excluded from the Clean Water Act's protections against unregulated discharges of dredged or fill material. As a result, they could be more easily destroyed. Many of the protections built into the Clean Water Act are triggered only when the body of water in question is a "water of the United States." *See* 33 U.S.C. § 1311(a) (generally prohibiting the "discharge of any pollutant" without compliance with other requirements of the Act); *id.* § 1362(12) (defining "discharge of a pollutant" to mean "any addition of any pollutant to navigable waters from any point source"); *id*. § 1362(7) (defining "navigable waters" to mean "the waters of the United States, including the territorial seas"). Historically, the law has been construed to apply to a wide variety of waters. *See, e.g., Intl. Paper Co. v. Ouellette*, 479 U.S. 481, 492 (1987) (CWA "applies to all point sources and virtually all bodies of water"); *U.S. v. Earth Sciences, Inc.,* 599 F.2d 368, 375 (10th Cir. 1979) ("It seems clear Congress intended to regulate discharges made into every creek, stream, river or body of water that in any way may affect interstate commerce."). If NAHB's claims are successful, the result would be to exclude certain waters from the protections of the Act.

Therefore, the disposition of the case "may as a practical matter impair or impede" NRDC's ability to protect its interest. *Fund for Animals*, 322 F.3d at 735 (quoting Fed. R. Civ. P. 24(a)(2)). As explained, if Plaintiff succeeds in its attempt to narrow the scope of the Clean Water Act, upland ditches would no longer be considered "waters" subject to any of the protections of the law. As a result, the Corps would lack authority under section 404 of the Clean Water Act to require a permit for discharges of dredged and fill material into upland ditches. The result is an increased risk of unregulated ecological harm or destruction of waters of the United States, against the interest of NRDC and its members.

       3.    <u>No Other Party Adequately Represents NRDC's Interests</u>.

NRDC's interests in this action are not adequately represented by the existing parties. The fourth requirement of Fed. R. Civ. P. 24(a) is satisfied if the applicant shows that "representation of its interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Fund for Animals*, 322 F.3d at 735 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). The D.C. Circuit has described the burden of making this showing as "not onerous." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)

The Army Corps of Engineers does not adequately represent NRDC's interests in this case. The fact that the Army Corps and NRDC both agree that the Clean Water Act can protect certain upland ditches does not establish adequacy of representation. *Fund for Animals*, 322 F.3d at 736. The Army Corps does not share NRDC's specific interests in protecting the scope of Clean Water Act jurisdiction and preventing inappropriate and environmentally harmful discharge of fill into ditches that are waters of the United States. As the D.C. Circuit has held, a government agency's duty to serve the broad public interest generally precludes it from also adequately representing a particular group of citizens. *See id.* (stating "we have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," and citing cases); *see also, e.g., Dimond*, 792 F.2d at 192 (finding that the District of Columbia does not represent the narrower interests of a private insurance company); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528-29 (9th Cir. 1983) (requiring only a minimal burden to show that an environmental group is not adequately represented by a government agency). Accordingly, intervention is appropriate because NRDC's interests are not adequately represented by the existing parties.

      B.     <u>In The Alternative, NRDC Should Be Granted Permissive Intervention</u>.

In the alternative, NRDC respectfully requests that the Court grant permissive intervention pursuant to Fed. R. Civ. P. 24(b). Rule 24(b)(2) states: "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In addition, the court considers whether the proposed intervention will "unduly delay or prejudice the adjudication of the rights of the original parties," *id.*, and whether there is an independent ground for subject matter jurisdiction. *See Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 68 (D.D.C. 2006). As described above, this intervention request is timely. NRDC is filing this motion before the defendants' answer is due. Also, NRDC's defenses and the plaintiff's claims have questions of law and fact in common. The claims and NRDC's defenses both relate to the challenged Nationwide Permit regarding discharge of dredged and fill material into certain ditches that are waters of the United States. Plaintiff seeks to narrow the scope of jurisdiction under the Clean Water Act to exclude such waters from the protections of the law, and NRDC seeks to preserve the application of the statute to such waters. Assuming the plaintiff has standing to present its claims, which NRDC disputes, NRDC's intervention provides an independent basis for subject matter jurisdiction because plaintiff challenges federal agency action under the Administrative Procedure Act and NRDC could be harmed by the relief requested in the complaint. Finally, NRDC's intervention would not delay the progress of the case, nor cause any prejudice to the other parties. As noted above, NRDC's participation will not broaden the scope of issues before the Court. Therefore, should the Court not grant NRDC intervention as of right, the Court should exercise its discretion to grant NRDC permissive intervention.

III.	CONCLUSION

    For the foregoing reasons, this Court should grant NRDC's motion to intervene, pursuant to Fed. R. Civ. P. 24.

                                                Respectfully submitted,

                                                */s/ Aaron Colangelo*
                                                Aaron Colangelo (D.C. Bar No. 468448)
                                                Jon P. Devine, Jr. (D.C. Bar No. 474582)
                                                Natural Resources Defense Council
                                                1200 New York Avenue, NW, Suite 400
                                                Washington, DC 20005
                                                (202) 289-6868 (ph)
                                                (202) 289-1060 (fax)

                                                Counsel for Proposed Intervenor-Defendant

Dated: August 8, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, August 8, 2007, I caused to be served a true and correct copy of the following documents:

    **NRDC's Motion to Intervene and Memorandum in Support**
    **[Proposed] Answer**
    **Corporate Disclosure Statement**

by first-class mail on the following counsel:

    Virginia Albrecht
    Karma Brown
    Hunton & Williams
    1900 K Street NW
    Washington, DC 20006

    Jessica O'Donnell
    U.S. DEPARTMENT OF JUSTICE
    601 D Street, NW
    Suite 8000
    Washington, DC 20004

    Steven M. Ranieri
    U.S. Attorney's Office
    555 4th St NW
    Washington DC 20530

*/s/ Aaron Colangelo*
Aaron Colangelo

CO-386-online
10/03

# United States District Court
# For the District of Columbia

NATIONAL ASSOCIATION OF HOME BUILDERS, )
)
)
)
)
              Plaintiff )         Civil Action No. 07-cv-00972 RMU
       vs                )
)
UNITED STATES ARMY CORPS OF )
ENGINEERS, et al.,       )
)
)
              Defendant )
NATURAL RESOURCES DEFENSE COUNCIL, )
   Proposed Intervenor-Defendant )

**CERTIFICATE RULE LCvR 7.1**

I, the undersigned, counsel of record for  Natural Resources Defense Council  certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of  Natural Resources Defense Council  which have any outstanding securities in the hands of the public:

None.

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

_____
Signature

468448
_____
BAR IDENTIFICATION NO.

Aaron Colangelo
Print Name

1200 New York Ave. NW, Suite 400
Address

Washington, DC 20005
City            State          Zip Code

(202) 289-6868
Phone Number

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>Defendants,<br><br>NATURAL RESOURCES DEFENSE COUNCIL,<br>1200 New York Ave, NW, Suite 400<br>Washington, DC 20005<br><br>Proposed Intervenor-Defendant. | Civil Action No. 1:07-cv-00972 RMU |

## [PROPOSED] ANSWER

Proposed Intervenor the Natural Resources Defense Council, by and through counsel, hereby answers the Complaint of Plaintiff National Association of Home Builders, Inc.

## GENERAL DENIAL

Except as expressly admitted herein, NRDC denies each and every allegation in the Complaint.

## SPECIFIC RESPONSES

1. The first sentence of Paragraph 1 consists of characterizations of Plaintiff's case to which no response is required. The second and third sentences of Paragraph 1 characterize the Nationwide Permit Rule, which speaks for itself and provides the best evidence of its content.

2. Intervenor denies the allegations contained in the first sentence of Paragraph 2. The second sentence of Paragraph 2 consists of conclusions of law to which no response is required.

3. Paragraph 3 consists of characterizations of Plaintiff's case and of the relief requested, to which no response is required. To the extent a response is required, Intervenor denies that Plaintiff is entitled to any of the relief requested.

4. Intervenor lacks information or belief sufficient to either admit or deny the allegations in Paragraph 4, including subparagraphs a through d, and therefore the allegations are denied.

5. Intervenor lacks information or belief sufficient to either admit or deny the allegations contained in Paragraph 5, and therefore the allegations are denied. Intervenor avers that Plaintiff's members are not required to be regulated by the challenged permit. Intervenor avers that the challenged permit authorizes certain activities, subject to specified conditions, but it does not regulate the conduct of Plaintiff's members unless they seek to take advantage of the advance authorization it provides.

6. Intervenor denies the allegations contained in Paragraph 6.

7. Intervenor admits the allegations contained in Paragraph 7.

8. Intervenor admits the allegations contained in Paragraph 8.

9. Intervenor admits the allegations contained in the first sentence of Paragraph 9. Intervenor lacks information or belief sufficient to either admit or deny the allegations in the second sentence of Paragraph 9, and therefore the allegations are denied.

10. Paragraph 10 consists of statements of jurisdiction and conclusions of law to which no response is required. To the extent that a response is required, Intervenor denies that the Court has jurisdiction over Plaintiff's Complaint.

11. Paragraph 11 consists of statements of venue to which no response is required.

12. Paragraph 12 consists of Plaintiff's characterizations of the Clean Water Act and conclusions of law to which no response is required.

13. Intervenor admits the allegations contained in Paragraph 13

14. Paragraph 14 consists of Plaintiff's characterizations of the Clean Water Act and conclusions of law to which no response is required.

15. Intervenor denies the allegations contained in Paragraph 15.

16. Paragraph 16 consists of conclusions of law, and characterizations of notices issued in 1975 and 1977, to which no response is required.

17. The allegations contained in Paragraph 17 consist of conclusions of law to which no response is required, and characterizations and selective quotation of notices issued in 1975 and 1977, which speak for themselves and provide the best evidence of their contents.

18. Intervenor denies the first sentence of Paragraph 18. Intervenor avers that the regulatory provision at 33 C.F.R. § 328.3(a)(5) does not exclude or mention "ditches," but instead provides that "tributaries" of specified "waters of the United States" are themselves "waters of the United States." The second sentence of Paragraph 18 characterizes a notice published in the Federal Register, which speaks for itself and provides the best evidence of its contents. Intervenor avers that the cited notice states that "the Corps reserves the right on a case-by-case basis to determine that a particular waterbody within

these categories of waters is a water of the United States. EPA also has the right to determine on a case-by-case basis if any of these waters are 'waters of the United States.'" 51 FR 41,206, 41,217 (Nov. 13, 1986).

19. Paragraph 19 consists of conclusions of law to which no response is required.

20. Intervenor admits the allegations contained in Paragraph 20, except Intervenor denies that "[e]ach NWP . . . contains restrictions on its use intended to ensure that the adverse environmental effects are minimal."

21. Intervenor admits the allegations and quotations contained in Paragraph 21.

22. The allegations contained in Paragraph 22 constitute conclusions of law to which no response is required.

23. The first and second sentences in Paragraph 23 constitute conclusions of law to which no response is required. The third sentence of Paragraph 23 purports to characterize the 2007 NWP Rule, which speaks for itself and provides the best evidence of its contents.

24. The first and second sentences of Paragraph 24 constitute conclusions of law to which no response is required. The third sentence of Paragraph 24 purports to characterize the 2007 NWP Rule, which speaks for itself and provides the best evidence of its contents.

25. The allegations contained in the first, second and third sentences of Paragraph 25 constitute conclusions of law to which no response is required. Intervenor specifically denies that "ditches constructed in uplands are outside the Corps's regulatory and permitting authority" and that "NWP 46 purports to . . . require permits for . . . upland ditches." The remainder of Paragraph 25 characterizes and selectively quotes the 2007 NWP Rule, which speaks for itself and provides the best evidence of its contents.

26. The allegations contained in Paragraph 26 constitute conclusions of law to which no response is required.

27. The allegations contained in Paragraph 27 constitute conclusions of law to which no response is required. Intervenor specifically denies that "NWP 46 illegally expands the Corps's jurisdiction to reach upland ditches that it has no authority to regulate under the Clean Water Act."

28. Intervenor reiterates the responses to paragraphs 1 through 27.

29. The allegations contained in Paragraph 29, including subparagraphs a and b, constitute conclusions of law to which no response is required.

30. The allegations contained in Paragraph 30 constitute conclusions of law to which no response is required.

The remaining allegations in the complaint consist of Plaintiff's prayer for relief to which no response is required. To the extent any response is required, Intervenor denies that Plaintiff is entitled to any of the relief sought, or any relief whatsoever.

### AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing.

Respectfully submitted,

*/s/ Aaron Colangelo*
Aaron Colangelo (D.C. Bar No. 468448)
Jon P. Devine, Jr. (D.C. Bar No. 474582)
Natural Resources Defense Council
1200 New York Avenue, NW, Suite 400
Washington, DC 20005
(202) 289-6868 (ph)
(202) 289-1060 (fax)

Counsel for Proposed Intervenor-Defendant

Dated: August 8, 2007

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants, <br><br> NATURAL RESOURCES DEFENSE COUNCIL, <br> 1200 New York Ave, NW, Suite 400 <br> Washington, DC 20005 <br><br> Proposed Intervenor-Defendant. | Civil Action No. 1:07-cv-00972 RMU |

### [PROPOSED] ORDER GRANTING NATURAL RESOURCES DEFENSE COUNCIL'S MOTION TO INTERVENE

This matter came before the Court on the Natural Resources Defense Council's (NRDC's) Motion to Intervene in this proceeding. The Court has determined that NRDC's Motion to Intervene should be, and hereby is, GRANTED. NRDC's Answer, which accompanied its Motion to Intervene, shall be deemed to have been filed and served by mail on the date of this Order.

Dated: _____, 2007         _____
                                      The Hon. Ricardo M. Urbina
                                      United States District Court Judge

2

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, August 8, 2007, I caused to be served a true and correct copy of the [Proposed] Order by first-class mail on the following counsel:

Virginia Albrecht
Karma Brown
Hunton & Williams
1900 K Street NW
Washington, DC 20006

Jessica O'Donnell
U.S. DEPARTMENT OF JUSTICE
601 D Street, NW
Suite 8000
Washington, DC 20004

Steven M. Ranieri
U.S. Attorney's Office
555 4th St NW
Washington DC 20530


*/s/ Aaron Colangelo*
Aaron Colangelo