UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS<br>1201 15th Street, N.W.<br>Washington, D.C. 20005<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS<br>441 G Street, N.W.<br>Washington, D.C. 20314,<br><br>AND<br><br>PRESTON M. GEREN, III,<br>In his Official Capacity as the Secretary of<br>The United States Department of the Army<br>101 Army Pentagon, Room 3E560<br>Washington, D.C. 20310-0101<br><br>AND<br><br>LT. GEN. ROBERT L. VAN ANTWERP,<br>In his Official Capacity as the Chief of Engineers<br>For the United States Army Corps of Engineers<br>441 G Street, N.W., Room 3K05<br>Washington, D.C. 20314<br><br>    Defendants. | CIVIL ACTION NO.<br>1:07-cv-00972-RMU |

### RESPONSE TO THE NATURAL RESOURCES DEFENSE COUNCIL'S MOTION TO INTERVENE

Plaintiff National Association of Home Builders ("NAHB") respectfully files this response to the Natural Resources Defense Council's ("NRDC") motion to intervene filed August 8, 2007. As NRDC notes in its brief, before it had a chance to review NRDC's motion to intervene and supporting memorandum, NAHB took the position that it would oppose the motion. Upon review of the materials NRDC has filed, NAHB will join the United States in

taking no position on the motion at this stage of the litigation.

This Circuit has required defendant-intervenors to establish Article III standing. *See, e.g., Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731-2 (D.C. Cir. 2003); *Military Toxics Project v. Envtl. Prot. Agency*, 146 F.3d 948, 953-54 (D.C. Cir. 1998). While "general factual allegations of injury" may be sufficient to establish standing at the pleadings phase, at later stages in the litigation a party "can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts'" demonstrating that they have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, parties must maintain standing throughout the course of litigation. *Id.* at 561, 571 n.5; *see also Friends of the Earth v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000); *Leuthner v. Blue Cross and Blue Shield of Ne. Pa.*, 454 F.3d 120, 127 (3d Cir. 2006) ("For constitutional and prudential standing it is well established that standing must exist at the time the suit is commenced and throughout the suit."), *cert. denied*, 127 S. Ct. 1260 (2007).

Thus, while NAHB takes no position as to whether NRDC has satisfied the standing requirements at this early stage in the litigation, NRDC will need to meet the progressively rigorous evidentiary requirements at all subsequent stages of the litigation. Further, given NRDC's alleged interests in this case, NAHB believes it would be more appropriate that NRDC be granted status to file as an amicus curiae, rather than as an intervenor.

Date:  August 22, 2007                           Respectfully submitted,


                                                 /s/ Karma B. Brown
                                                 HUNTON & WILLIAMS LLP
                                                 Virginia S. Albrecht, D.C. Bar No. 357940
                                                 Karma B. Brown, D.C. Bar No. 479774
                                                 1900 K Street, N.W.
                                                 Washington, D.C.  20006
                                                 (202) 955-1500

                                                 Counsel for Plaintiff
                                                 National Association of Home Builders

3