## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0972 (RMU) |
| | : | | |
| v. | : | Document No.: | 12 |
| | : | | |
| UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*, | : | | |
| | : | | |
| Defendants, | : | | |
| | : | | |

## MEMORANDUM OPINION

### DENYING NATURAL RESOURCES DEFENSE COUNCIL'S MOTION TO INTERVENE

## I.    INTRODUCTION

Natural Resources Defense Council ("NRDC") requests leave to intervene, arguing that a ruling in favor of the plaintiff would directly harm the interests of NRDC and its members.  In addition, NRDC argues that the defendants will be unable to adequately protect its interest. Neither the government nor the plaintiff take a position on NRDC's motion, although the plaintiff suggests that it would be more appropriate for NRDC to participate in the action as an *amicus curiae*.  Because NRDC has not demonstrated constitutional standing, the court denies its motion for mandatory intervention.  Because NRDC has not satisfied the considerations for permissive intervention, the court denies that request as well.  The court grants NRDC permission to participate in this action as an *amicus curiae*.

## II.    FACTUAL & PROCEDURAL BACKGROUND

The Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, endeavors to protect the Nation's resources by prohibiting the discharge of pollutants into navigable waters without a permit.  The CWA authorizes defendant Army Corps of Engineers ("the Corps") to issue permits for the discharge of dredged or fill materials into waters of the United States.  33 U.S.C. § 1344.  On March 12, 2007, the Corps issued six new Nationwide Permits ("NWP" or "permits"), including NWP 46, which "purports to authorize the discharge of dredged or fill materials into upland ditches."  Am. Compl. ¶ 1.  The plaintiff is a national trade association whose members include builders of residential and commercial projects, land developers and remodelers.  *Id*. at ¶ 4.  The plaintiff challenges the issuance of NWP 46 pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551.  The plaintiff argues that ditches are not within the purview of the CWA because, in short, "ditches" fall within the definition of "point source," and "point sources" are "discernable, confined and discrete conveyance[s]," not "navigable waters."  Am. Compl. ¶ 14.  Moreover, the plaintiff argues, "point sources" cannot constitute "navigable waters" because the statute defines the "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source."  *Id*. (emphasis excluded).

The plaintiff filed this action on May 24, 2007 and corrected its complaint on July 16, 2007, bringing suit pursuant to the APA and the CWA.  Specifically, the plaintiff asks the court to declare that the Corps has no authority to regulate upland ditches.  *See generally id*.  On August 8, 2007, NRDC moved to intervene, arguing that it "and its members have a significant and protected interest in the proper regulation of discharges into [upland ditches]."  NRDC's Mot. to Intervene ("NRDC's Mot.") at 2.

## III.   ANALYSIS

### A.   Legal Standard for a Motion to Intervene

Federal Rule of Civil Procedure 24 sets forth the requirements for intervention as of right and permissive intervention.  FED. R. CIV. P. 24; *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).  First, Rule 24(a) provides for intervention as of right, stating that

> [u]pon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene; or . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*Id.*  As paraphrased by the D.C. Circuit, the rule indicates that an applicant's right to intervene depends on "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties."  *Fund for Animals*, 322 F.3d at 731; *see also Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003) (listing the four elements of Rule 24(a) as "timeliness, interest, impairment of interest, and adequacy of representation").  In addition, an applicant must demonstrate that it has standing.  *Jones*, 348 F.3d at 1017-18; *Fund for Animals*, 322 F.3d at 731-32.

Alternatively, Rule 24(b) authorizes permissive intervention for an applicant who timely files a motion when a federal statute confers a conditional right to intervene or the applicant's claim or defense has a question of law or fact in common with the main action.  FED. R. CIV. P.

24(b).  In considering a motion for permissive intervention, a court must determine whether the proposed intervention "will unduly delay or prejudice the adjudication of the rights of the original parties."[1]  *Id.*

## B.     The Court Denies NRDC's Motion for Mandatory Intervention Because NRDC has Failed to Demonstrate Standing

A party seeking to intervene as of right, like all plaintiffs, must demonstrate that it has constitutional standing to participate in the action.  *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003).  NRDC does not squarely address the matter of its standing.  It does, however, generally argue that it and its members have "an interest in the protection of all waterbodies, including ditches[, and that] NRDC and its members can be injured by the ecological damage that results from destruction or contamination of unprotected waterways." NRDC's Mot. at 4.  Because NRDC is an association, it can demonstrate standing as long as "its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires members' participation in the lawsuit."  *Consumer Fed'n of Am. v. Fed. Commc'ns Comm'n*, 348 F.3d 1009, 1011 (D.C. Cir. 2003) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).

To demonstrate that its members would have standing to sue in their own right, NRDC "must demonstrate that it has at least one member who . . . can establish the elements of standing."  *Friends of the Earth, Bluewater Network Div. v. U.S. Dept. of Interior*, 478 F. Supp. 2d 11, 17 (D.D.C. 2007).  Stated differently, NRDC must show injury to itself or its members,

---

[1]     In this circuit, "there is uncertainty over whether standing is necessary for permissive intervention."  *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31 (D.C. Cir. 2000).

not merely injury to the environment. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 181 (2000). At this stage in the case, NRDC may succeed by "demonstrat[ing] that there is a substantial probability that local conditions will be adversely affected and thereby injure a member of the organization." *Sierra Club v. E.P.A.*, 292 F.3d 895, 898-99 (D.C. Cir. 2002) (internal quotations omitted).

NRDC asserts that its members have an interest in the protection of all waterbodies from pollution, and if the plaintiff succeeds, ditches would be excluded from the protections of the CWA and would be more easily destroyed. NRDC's Mot. at 4-5. In this way, NRDC believes its members "can be injured by the ecological damage that results from destruction or contamination of unprotected waterways." *Id*. at 4. The court acknowledges NRDC's interest in preserving the purity of waterbodies, including ditches, but NRDC fails to allege more than a generalized interest in the protection of the environment. "At the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice [because the court presumes] 'that general allegations embrace the specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. at 561 (quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). But, the assertion that NRDC's members "can be injured by ecological damages" that may result if plaintiff succeeds in this action is not only general, it is also too speculative to satisfy the injury-in-fact requirement, even at the pleading stage. NRDC asks the court to presume that if ditches are not regulated, they will be polluted in a way that somehow damages NRDC and its members. This explanation of the increase in harm to the environment is not "sufficiently concrete" for the purposes of standing, and it does not demonstrate a "concrete injury" to NRDC's interests. *Sierra Club v. Mainella*, 2005 WL

3276262, at *7 (D.D.C. Sept. 1, 2005) (concluding that the intervenor's showing of harm to the environment was sufficient because "[l]ittle, if any, speculation [was] involved in concluding that noise from above-ground drilling operations . . . [would] cause wildlife to disperse"). Therefore, the court cannot conclude that NRDC has shown a sufficient injury to establish standing. Without having made the requisite showing of standing, the NRDC has not demonstrated a right to intervene in this action, and the court's analysis need proceed no further in this regard. *Fund for Animals*, 322 F.3d at 732-33.

### C.    The Court Denies NRDC's Motion for Permissive Intervention

In considering a motion for permissive intervention where, as here, a federal statute does not confer a conditional right to intervene, the court looks to whether NRDC (1) has "an independent ground for subject-matter jurisdiction," (2) has made a timely motion, and (3) has "a claim or defense that has a question of law or fact in common with the main action." *Envt'l Defense v. Leavitt*, 329 F. Supp. 2d 55, 66 (D.D.C. 2004) (quoting *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). As stated, it is unclear whether a party must satisfy constitutional standing requirements to gain permissive intervention. *Envt'l Defense*, 329 F. Supp. at 66. But, "the court enjoys considerable discretion" to grant or deny permissive intervention. *Id*.

NRDC's conclusory argument that it satisfies all of the elements for permissive intervention is unpersuasive. Among its assertions, NRDC argues that it has an "independent basis for subject matter jurisdiction because plaintiff challenges federal agency action . . . and NRDC could be harmed by the relief requested in the complaint." NRDC's Mot. at 7. NRDC fails to specify the grounds for the independent subject-matter jurisdiction it claims to enjoy. In

fact, NRDC's argument for subject-matter jurisdiction, comprising one sentence, rests entirely on the fact that it "could be harmed by the relief requested in the complaint." NRDC's Mot. at 7. As discussed above, however, NRDC's harm is speculative at best. Accordingly, the court denies NRDC's motion for permissive intervention.

Nevertheless, the court has broad discretion to permit NRDC's participation in this suit as an *amicus curiae*. *U.S. v. Microsoft Corp.*, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002). Because NRDC seeks to support the government's arguments in favor of the validity of its action and its interpretation of the scope of the CWA, the court may benefit from NRDC's input. The court, therefore, grants NRDC permission to participate as an *amicus curiae*.


## IV.    CONCLUSION

For the foregoing reasons, the court denies NRDC's motion to intervene, and it grants NRDC permission to participate as an *amicus curiae*. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of November, 2007.


RICARDO M. URBINA
United States District Judge